**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GUADALUPE PLACENCIA,
as Personal Representative to the Estate of
ADRIAN PLACENCIA,

      Plaintiff,

v.                                                                        No. CV 21-187 MV/CG

HIDALGO COUNTY BOARD
OF COMMISSIONERS, et al.,

      Defendants.

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

**THIS MATTER** is before the Court upon the parties' proposed *Stipulated Confidentiality Agreement and Protective Order* submitted to the Court on January 5, 2022, and upon the Informal Discovery Hearing held on January 4, 2022. Plaintiff Guadalupe Placencia (hereinafter referred to as "Plaintiff") and Defendants VitalCore Health Strategies, LLC, Glenda McKenna, and Christy Lewis (collectively referred to as "VCHS"), and Defendant Hidalgo County Board of Commissioners (Plaintiff and Defendants are hereinafter referred to as "the parties"), by and through their undersigned counsel of record, enter into this Stipulated Confidentiality Agreement and Protective Order ("Order") regarding:

      1.      All of VCHS' policies and procedures, training materials, and associated documents that are produced in this matter;[1]

---

[1] If any of the parties dispute the confidential nature of documents not specifically named herein but subsequently produced and marked "Confidential Documents", the parties agree to confer with each other in an attempt to reach a resolution about whether the documents shall be subject to this Stipulated Confidentiality Agreement and Protective Order. If a resolution cannot be reached, the parties agree to seek resolution from the Court and to keep the documents confidential as described herein until an order is issued by the Court regarding whether the documents are subject to this Stipulated Confidentiality Agreement and Protective Order.

The documents identified in Paragraph 1 above are hereinafter referred to as the "Confidential Documents" and will be conspicuously labeled as such prior to production. The parties acknowledge that the Confidential Documents being produced contain information that the producing party believes is confidential and/or proprietary such that the producing party requests the protections set forth and agreed to herein.

Accordingly, the parties stipulate and agree and **IT IS HEREBY ORDERED** as follows:

The Confidential Documents will be clearly marked as "CONFIDENTIAL" and are subject to the following:

A.	The Confidential Documents shall be used solely for the purpose of preparation and trial in the matter identified above ("Civil Action No. 2:21-cv-00187") and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms contained herein.

B.	The Confidential Documents shall not, without the consent of the producing party, be disseminated in any manner whatsoever, except that such information may be disclosed to:

    (i)	Attorneys actively working on Civil Action No. 2:21-cv-00187;

    (ii)	Persons regularly employed or associated with the attorneys actively working on Civil Action No. 2:21-cv-00187whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in Civil Action No. 2:21-cv-00187;

    (iii)	The parties in Civil Action No. 2:21-cv-00187, including designated representatives for the entity parties;

2

    (iv)    Expert witnesses and consultants retained in connection Civil Action No. 2:21-cv-00187, to the extent such disclosure is necessary for preparation, trial or other proceedings in Civil Action No. 2:21-cv-00187, provided that these individuals are aware that the Confidential Documents are subject to the instant Order;

    (v)    Employees of outside copying, document imaging and facsimile services that are directly related to Civil Action No. 2:21-cv-00187, provided that these individuals are aware that the Confidential Documents are subject to the instant Order;

    (vi)    Mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with Civil Action No. 2:21-cv-00187, provided that these individuals are aware that the Confidential Documents are subject to the instant Order;

    (vii)    The Court and its employees;

    (viii)    Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of Civil Action No. 2:21-cv-00187;

    (ix)    Deponents, witnesses or potential witnesses to the extent such disclosure is necessary for preparation, trial or other proceedings in Civil Action No. 2:21-cv-00187;

C.    The Confidential Documents may be used as exhibits during the course of a deposition in Civil Action No. 2:21-cv-00187, as long as they are clearly identified as Confidential Information. Any such deposition exhibit or

testimony regarding the Confidential Documents shall not be filed with the Court except in accordance with paragraph D of this Order.

D. The parties agree to limit submission of the Confidential Documents to those pertinent to the matters pending before the Court in Civil Action No. 2:21-cv-00187. The parties agree that, before any party submits any such Confidential Documents to the Court, including the submission of Confidential Documents in motions and pleadings, counsel will confer with counsel for the producing party and determine whether the Confidential Documents may be filed with redactions or whether they must be filed under seal.

E. No party or their counsel shall disseminate Confidential Documents produced pursuant to this Order to the public or to any person or entity not specifically identified above.

F. It is the express intention of all parties that the Confidential Documents and the Confidential Information therein are to be used only for Civil Action No. 2:21-cv-00187.

G. Nothing in this Order shall preclude any party from opposing production of any Confidential Documents or information for any reason other than that it is Confidential Information or from seeking further or different relief should future activities indicate such need.

H. Following the final disposition of Civil Action No. 2:21-cv-00187, the persons to whom the Confidential Documents were produced shall, upon written request by the producing party, destroy all copies of the Confidential Documents (including CDs or other electronic storage devices) which were

provided by the producing party, and shall, upon written request by the producing party, certify in writing that all Confidential Documents were destroyed, including all copies made by that party/person. If no such request is made, the parties shall maintain the Confidential Documents as Confidential in their respective closed files.

I. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the relevance, admissibility, or discoverability of the Confidential Documents and Confidential Information sought.

J. In the event that any party becomes aware of the disclosure of the Confidential Documents to any person or in any manner not specifically identified in section B(i-ix) (above), that party will immediately alert all parties to this litigation of such disclosure, take immediate steps to retrieve the Confidential Documents (and any potential copies or duplicates thereof), and take all available measures to ensure that the Confidential Documents and Confidential Information contained therein are not disseminated to any persons or in any manner beyond the inadvertent disclosure.

K. The confidentiality of the Confidential Documents subject to this Order may be challenged according to the procedures set forth by the New Mexico Rules of Civil Procedure.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

SUBMITTED BY:

**RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.**

By:   *Electronically Signed /s/ Shannon M. Sherrell*
      Mike Kaemper
      Shannon Sherrell
      Patrick A. Coronel
Post Office Box 1888
Albuquerque, New Mexico  87103
T:  (505) 765-5900
F:  (505) 768-7395
E: mkaemper@rodey.com
E: ssherrell@rodey.com
E: pcoronel@rodey.com

*Attorneys for Defendant VitalCore Health Strategies, LLC*

APPROVED BY:

*Approved via Email on 1/4/2022*
Steven Robert Allen
NEW MEXICO PRISON & JAIL PROJECT
3800 Osuna Road NE, Ste 2
Albuquerque, NM 87109
T:(505) 515-0939
E:steve@nmpjp.org

COYTE LAW P.C.
Matthew E. Coyte, Esq.
3800 Osuna Rd. NE, Ste. 2
Albuquerque, NM 87109
E: mcoyte@me.com
*Attorneys for Plaintiff*

and

*Approved via Email on 1/5/2022*
SAUCEDOCHAVEZ, P.C.
Frank T. Apodaca
Brian Griesmeyer
Post Office Box 30046
Albuquerque, NM 87190
T: (505) 338-3945
E: fapodaca@saucedochavez.com
E: bgriesmeyer@saucedochavez.com
*Attorneys for Defendants Hidalgo County Board of County Commissioners*